STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**

August 24, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LEIGH A. BALL,**
**Claimant Below, Petitioner**

**vs.)   No. 16-0805** (BOR Appeal No. 2051191)
                     (Claim No. 2015016298)

**CHARLESTON AREA MEDICAL CENTER,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Leigh A. Ball, by Edwin H. Pancake, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Charleston Area Medical Center, by H. Dill Battle III, its attorney, filed a timely response.

The issue on appeal is whether Ms. Ball is entitled to additional temporary total disability benefits. This appeal originated from the May 22, 2015, claims administrator's decision closing the claim for temporary total disability benefits. In its March 8, 2016, Order, the Workers' Compensation Office of Judges affirmed the decision. The Board of Review's Final Order dated August 1, 2016, affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Leigh A. Ball, a phlebotomist, injured her back and hip in the course of her employment on December 6, 2014, while she was bending over a patient to draw blood. Upon attempting to straighten, Ms. Ball felt her hip and back lock. Ms. Ball sought treatment and was diagnosed with a lumbar strain. She was to undergo physical therapy two to three times per week for four to six weeks. An MRI of the lumbar spine was performed on December 24, 2014. The impressions

1

were no acute findings and lumbar spondylosis with mild left exit formanial narrowing at L3-4. On December 26, 2014, the claim was held compensable for a lumbar sprain.

Ms. Ball has a significant history of back problems dating back to as early as 2008. On September 11, 2008, Ms. Ball underwent thoracic spine x-rays after complaints of back pain. The impression was old wedging at T10 and T11. Ms. Ball began to experience back pain again in September of 2012. She was diagnosed with a lumbosacral strain and underwent an MRI of the lumbar spine on October 3, 2012, which revealed a bulging disc and osteophyte formation, most notably at L5-S1 and to a lesser degree at L3-4 and L4-5. In November of 2012, Ms. Ball was further diagnosed with mild peripheral neuropathy and lumbar neuritis.

Ms. Ball underwent evaluations to determine the extent of her compensable injury in the instant claim. Marsha Bailey, M.D., evaluated Ms. Ball on April 2, 2015. After reviewing the medical history, Dr. Bailey opined a diagnosis of chronic low back pain without true lumbar radiculopathy that predates the compensable injury by several years. Dr. Bailey concluded that Ms. Ball had reached maximum medical improvement and that no further treatment of any kind is medically necessary to treat her compensable condition. Based on this report, the claims administrator closed the claim for temporary total disability benefits on May 22, 2015.

On July 23, 2015, Ms. Ball was evaluated by Bruce Guberman, M.D. Dr. Guberman's impression was chronic post-traumatic strain of the lumbar spine. He opined that Ms. Ball has some symptoms suggestive of lumbar radiculopathy, especially on the right side, but no objective evidence. Dr. Guberman concluded that Ms. Ball had reached maximum medical improvement and no further treatment was likely to improve her impairment in regards to this injury.

On September 29, 2015, Ms. Ball testified in a deposition that she injured her back on December 6, 2014, while bending over a patient to draw blood. Prior to this injury, she was not having any problems going about her daily activities. While Ms. Ball had some low back pain in 2012, she testified that she had medication and physical therapy treatments which seemed to resolve the problem. Ms. Ball stated that Dr. Bailey found her to be at maximum medical improvement; however, Ms. Ball had been unable to return to work due to two of her former treating physicians refusing to give her a work release. When she was finally given a release, her position was no longer available. Ms. Ball stated that she was still considered actively employed but must apply to open positions. While still experiencing pain, Ms. Ball believes she would be able to perform her duties should the hospital allow her to return.

Dr. Bailey testified in a deposition on December 8, 2015. Dr. Bailey stated that she reviewed the medical records and found that Ms. Ball had chronic back pain dating back to at least 2011. She reiterated her belief that Ms. Ball had reached maximum medical improvement and diagnosed chronic low back pain without true lumbar radiculopathy. In Dr. Bailey's opinion, Ms. Ball's mechanism of injury was extremely minor and her impairment was related to her pre-existing problems.

On March 8, 2016, the Office of Judges affirmed the claims administrator's decision closing the claim for temporary total disability benefits. West Virginia Code §23-4-7a (2005) suspends temporary total disability benefits at the earliest of either a claimant reaching his maximum degree of medical improvement, being released to work, or actually returning to work. Dr. Bailey evaluated Ms. Ball on April 2, 2015, and opined that Ms. Ball had reached maximum medical improvement and that no further treatment was necessary to treat the compensable injury of a lumbar sprain. Dr. Bailey noted that Ms. Ball has an extensive pre-existing history of back problems dating back to 2011. Further, Dr. Guberman also found that Ms. Ball had reached maximum medical improvement and that no further treatment was necessary. The Office of Judges determined that Ms. Ball did not provide sufficient evidence to show that she had not yet reached maximum medical improvement for the compensable injury. Both Dr. Bailey and Dr. Guberman opined that she has reached maximum medical improvement, and the Office of Judges deemed their findings to be persuasive. The Office of Judges concluded that Ms. Ball was not entitled to further temporary total disability benefits pursuant to West Virginia Code §23-4-1c (2009), which provides that temporary total disability benefits are only paid during the healing or recovery period. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 1, 2016.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The claim has been held compensable for a lumbar sprain. Dr. Bailey and Dr. Guberman have concluded that Ms. Ball has reached her maximum medical improvement regarding the compensable injury and that no further treatment is necessary. Ms. Ball has not submitted any evidence suggesting that she has not reached maximum medical improvement regarding her compensable lumbar sprain. Thus, closure of the claim for temporary total disability benefits is appropriate under West Virginia Code §23-4-7a.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 24, 2017**


**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker